**QING SHAN LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–5266–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Waisim M. Cheung, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Susan K. Houser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Shan Liu, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA denying his motion to reopen. *In re Qing Shan Liu,* No. A079 775 660 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ We find that the agency did not abuse its discretion in denying Liu's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). While Liu argues that the BIA's analysis of his evidence was inadequate, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao,* 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Moreover, we decline to consider the documents Liu submitted in the Special Appendix as they were not included in the administrative record below. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

Because the BIA reasonably found that Liu failed to establish a material change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Liu's motion to reopen. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

Liu's argument that he is entitled to file a successive asylum application based on the birth of his children in the United States fails under *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).